IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HESHAM ISMAIL, : | | |
|     Plaintiff, : | | |
| : | | |
| v. : | CIVIL ACTION NO. 24-CV-3196 | |
| : | | |
| JOHN D. BULLOCK : | | |
| and GEORGE WYLESOL, : | | |
|     Defendants. : | | |

<u>MEMORANDUM</u>

**BAYLSON, J.**                                                                                       **OCTOBER 8, 2024**

    Plaintiff Hesham Ismail filed this action on July 1, 2024, in the Philadelphia Court of Common Pleas against John D. Bullock, Financial Manager for the United States District Court for the Eastern District of Pennsylvania, and George Wylesol, Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania (together, "Defendants"). Defendants removed this case to United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1442(a)(3). For the following reasons, the Court will dismiss the Complaint.

**I.    FACTUAL ALLEGATIONS**

    Ismail's Complaint alleges violations arising from a jury verdict awarded to him in another case in this District. Compl., ECF 1 at 25. Ismail seeks the release of certain payments or awards involving this jury verdict. <u>Id.</u>

**II.    STANDARD OF REVIEW**

    To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the <u>pro se</u>] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)), abrogation on other grounds recognized by Fisher v. Hollingsworth, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. The Court will "apply the relevant legal principle even when the complaint has failed to name it." Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" Id. (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" Id.

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." Garrett, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." Id. at 93–94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." Id. at 94.

2

### III. DISCUSSION

Ismail may not proceed on his claims because the manner in which he has presented them is so disjointed and unclear that neither the Court nor the Defendants could be expected to understand the nature of the claims he brings. A complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. Garrett, 938 F.3d at 93. The basis for Ismail's claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Further, some of Ismail's allegations, to the extent they can be understood, appear to be grounded in factually or legally baseless allegations. In sum, even under the most liberal reading of the Complaint, Ismail has not alleged any plausible basis for a claim.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ismail's Complaint with prejudice because that amendment would be futile. An appropriate Order follows.

BY THE COURT:

s/ Michael M. Baylson
**MICHAEL M. BAYLSON, J.**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-3196 Ismail v Bullock and Wylesol\24-CV-3196 Memo on Dismissal.docx